One of which has been submitted today on the Briefs Without Oral Argument, namely, Appeal No. 06-1120, Hildebrand v. Steck Manufacturing. On the four-case argument list, we'll hear argument first in Appeal No. 06-7254, Patrick v. Department of Veterans Affairs. Mr. Carpenter, good afternoon. Welcome, please proceed. Thank you very much. Clerk, please cast Carpenter appearing on behalf of Mrs. Patrick. Mrs. Patrick appeals for the second time a decision of the Veterans Court. We have made an argument in our written briefs on the Chenery violation. I will not take time unless there are questions from the panel to discuss that matter in the time that I have available. I would like to proceed directly to the question of the misinterpretation of the presumption of soundness. This Court remanded Mrs. Patrick's prior appeal with directions to the Veterans Court that it had applied an incorrect standard in determining whether the presumption of soundness had been correctly applied. On remand, and in the interim, there was a decision from this Court in a case called Jordan. In Jordan, the Court found that an allegation of clear and unmistakable error could not lie on the basis of a successful challenge to the validity of a prior VA regulation. The Veterans Court, relying upon Jordan, then proceeded to make its decision, we believe wrong, on this Court's holding of Jordan. This Court's holding of Jordan does not control. Well, you agree that we are bound by Jordan, right? Absolutely. So then your position has to be that you can clearly distinguish Jordan, and therefore we should do the same. That's correct. And the basis is? Is that Jordan relies upon an allegation of clear and unmistakable error based upon an invalid regulation. Mrs. Patrick never made such an allegation. I thought that Jordan relied at least in part on Regulation 1403, and as I recall the wording of 1403, it applies when there's been a change in an interpretation of either a regulation or a statute. That's correct, and there has been no change in the interpretation of the statute, and it is the statute, the statutory presumption of soundness, which Mrs. Patrick relied upon. Mrs. Patrick did not rely upon, and neither did either of the two Board decisions rely upon the regulation. Clearly, if Mrs. Patrick had made an allegation that there was a clear and unmistakable error based upon the VA's invalid regulation, Jordan would control. Alternatively, had either of the Board decisions relied upon an interpretation of the regulation to support a determination that there was not clear and unmistakable error, then it is possible, at least in the 1999 decision, that Jordan would be impacted. However, at issue here is whether there was or wasn't a clear and unmistakable error in the 1986 Board decision. The 1986 Board decision not only did not rely upon that, but in fact relied upon both statutes, then 311 and 353, the presumption of soundness and the presumption of aggravation. What this Court clarified in Wagner is that the presumption of aggravation is encompassed within the presumption of soundness where there is not a condition noted at entrance to service, which is precisely the facts for Mrs. Patrick's husband at his time of entrance into service. There was no noting of any pre-existing heart condition, and the Veterans Court noted that. As a consequence, this matter was and always has been on the track of the presumption of soundness. What Wagner clarified is that the alternative argument that was made by Mrs. Patrick below, that there was an incorrect application of the presumption of aggravation, simply did not apply because it was the failure to correctly apply the presumption of soundness under 311, now 1111, that applied. And this Court directed the Court below to re-adjudicate the matter based upon the interpretation of the presumption of soundness found in Wagner. The Court below simply did not do that. The Court below mistakenly relied upon Jordan for the proposition that because there was an invalid regulation that somehow the invalidity of that regulation negated the statute. Such an interpretation, quite frankly, is an absurd result because if that proposition were to be accepted, then the statute, and no veteran who had their case incorrectly decided under the statute, not under the regulation, but under the statute, would be unable to obtain relief. I think you have me a little bit confused. It seems to be your position that the 1986 decision of the Board of Veterans Affairs contained clear and unmistakable error because it applied an incorrect standard with respect to aggravation. Actually, with respect to presumption of soundness. Well, with respect to 1111, Section 1111. Yes, 1111. It applied a wrong standard in adjudicating whether the requirements of 1111 were met. That's correct. It relieved the VA of the obligation. Okay. Now, if it used the wrong standard, then it seems to me it must have misinterpreted the statute. That's correct. And in succeeding years, both the General Counsel of the Veterans Administration and the panel of this court in Wagner gave a different and correct interpretation of the statute 1111. So, I wonder if that doesn't mean that there's been a change in interpretation of that statute between 1986 and the present time. Under the Rivers case from the Supreme Court, statutes are prospective and judicial when it was originally written. Now, that may be, but it seems to me that one might conclude that there has been a change in interpretation. It may be that it should have been so interpreted from day one, but in an earlier period, the 80s, there was one interpretation of the statute seemingly by the board. Later, the General Counsel revised the regulation. Later, our court set forth an interpretation of 1111, much like the new regulation, but the board was operating under a prior interpretation of 1111 compared to the one now recognized, I guess, by everybody. So, I'm saying that looks like a change in interpretation. And the regulation 1403, by its wording, precludes CUE from being found in a situation where there's a change in interpretation of either a regulation or a statute. Now, I agree with you here, there's no change in interpreting a regulation because the board in 86 didn't rely on a regulation, but it did rely on 1111 and also 1153, as you said. So, why wouldn't the prohibition on finding clear and unmistakable error in the face of a change in interpretation of a statute or a regulation bar you here? Because what you're doing, Your Honor, in that analysis is imputing to the board something that they did not put in their decision in 1986. The board did not say, we are relying upon our regulation, which interprets 311 and 353 in regulation. Yeah, but by failing to adjudicate under 1111 the second prong of the 1111 test, which we can see on the face of their decision, it seems to me to support the conclusion that they missed half the statute. That is, they misinterpreted the statute. Well, they did, but they didn't rely for that misinterpretation on the interpretation offered by their regulation. I agree with that, but 1403 says if there's a change in interpretation either of a statute or a regulation, here it seems that there's a change in interpretation of a statute, namely 1111. So how do you get around 1403? I think 1403 cannot be read as narrowly as the court is reading it, because to do so simply negates the ability to do what the statute was written to correct, which are prior, clear, and unmistakable errors. I believe the language is fairly clear in 7101 that the reference is to correct prior decisions of the board. This is a prior decision that was wrongly made. As the VA interpreted that in regulation, they said that it should not be based upon a decision that was made which relied upon an accepted interpretation. Are you saying 1403, a regulation of the Veterans Administration, as I'm understanding it, is invalid because it's inconsistent with some other statute? No, no. I'm saying that... Well, then are you saying it doesn't apply? I do not believe that it applies. Well, when it references statutes, how can it not apply, because here there was a change in interpretation in a statute? Of a statute. But there was no change relied upon in the board decision that's being challenged for clear and unmistakable error. You're giving the Veterans Administration the benefit of having relied upon something that they simply did not rely upon. And the veteran, in attempting to correct this mistake, should not have to fight that change, which corrected a mistake. Essentially, it's giving the agency the benefit of their mistake for the period of several decades in which they had an invalid regulation. And that there ought to be, at law, a difference between following the statute and following a regulation. If they had relied upon the regulation, I believe that's a different case. I'm into my rebuttal time. I'm so sorry. Thank you. Mr. Schroeder? Maybe it's the court. There was no cue in the board decision because of order of authority. Before we get to that, would you address the argument that was made by Mr. Carpenter that the Veterans Court did not follow our remand instruction? Your remand instructions were for the Veterans Court to reconsider in view of Wagner. Subsequently, Jordan was issued. Well, I'm quite aware that subsequently Jordan was issued. We've all read the briefs. The question is, did the Veterans Court do what the prior panel ordered it to do, yes or no? I believe it did, Your Honor. Well, it didn't adjudicate prong two of 1111 as clarified by the Wagner case. It bypassed that in reliance on Jordan, but nevertheless, it bypassed it. It didn't adjudicate prong two of section 1111. I don't see it anywhere in the opinion. Well, that's because the court issued Jordan, and the court is correct there that it relied on a precedent of Jordan and the regulation. So you agree that it did not carry out our remand instruction, but you're saying it was nevertheless okay because of an intervening case? Well, I think it was, I mean, I think the court asked it to... Re-adjudicate clear and unmistakable error in light of Wagner, part two of Wagner, right? The court, let's see, yes, it asked the constitutional remand for further consideration of Wagner. And on remand, Judge Green did not do so. He never said anything about Wagner or prong two of Wagner. Well, he did discuss Wagner and then discuss Jordan, which is controlling precedent, and it is... The remand is also controlling precedent. Yes, but the remand asked that the court reconsider the light of Wagner, which I believe it did, but it also had to consider controlling precedent of Jordan, which was issued... Where did it adjudicate the missing part of Wagner, which was the purpose of our remand? Everybody agrees that prong one of Wagner was fully adjudicated, correctly adjudicated, by everybody at every level. The problem is that the second part of the Wagner test, the 11-11 test, was never decided, and that's what we sent it back to be decided, but on the remand it wasn't decided. Isn't that correct? Well, what the court found was that, that is correct, because what the court found was that Jordan, under Jordan, it could not adjudicate that, and that because the regulation was not then in effect in 1986, it was required by its own... So your position has to be that it was allowed to ignore our remand instruction because of the issuance of the Jordan case. That has to be your position, right? Well, I would say that it interpreted your remand instruction and believed that what it was doing was complying with your remand instruction in light of the law, which very clearly in Jordan said that you cannot assert a hue claim where there's a change in interpretation of section 11-11, and that really controls directly because in Jordan the court was looking at the same statute and the same regulation, and it held that under section 1403 the new interpretation can only affect decisions still open on direct appeal, not final decisions. This was a hue claim. New interpretation by whom? It was both by the court and by the VA, and in Jordan... No, no, no, but the regulation 1403 just says change in the interpretation of a statute or regulation. It doesn't set forth who must make such a change. I would think that 1403 would certainly apply in the case where the veterans department had one interpretation of a statute or a reg at one time frame, and then later had a different interpretation of the same statute or the same regulation, but it's not clear on the face of it that this court is bound by the secretary's regulation about when the VA changes its interpretation. Yes, in 2003 it was the VA which first issued a presidential opinion changing its interpretation of section 11-11. You're not with me. I'm saying what is the basis of saying that regulation 1403 applies to this court and prevents its decisions from affecting the finality of cases that allegedly contain clear and unmistakable error? Well, in Gober the court found that they upheld section 1403, and then in Jordan the court relied on section 1403. But in Gober, if I recall it correctly, the veterans department had a changed interpretation, and in Jordan the veterans department had a changed interpretation, but in this case, Patrick, the court had a changed interpretation. I believe that in Jordan this court also agreed with the VA's changing interpretation, so therefore it was actually a changed interpretation by both the VA and the court. And in Gober, in Jordan, the court simply found that you cannot have an acute claim because of the change of the interpretation of section 11-11. Citing 1403. That's the entire basis for Jordan. Yes, and it's really indistinguishable from this case. Well, that's the part I'm having trouble with. Why is it indistinguishable from this case? Because in both cases you had the issue of the presumption of soundness where the board failed to apply the second prong, where it relied solely upon the finding that it preexisted entry into service. But Mr. Schroeder, I'm really lost in all of this answer to Judge Michel's question. When we sent this case back, there was a request to take a look at the second prong of Wagner, right? Lack of in-service aggravation, overcome to presumption of soundness, which was never done. Wagner was decided. Wagner required the government to show unmistakable evidence of both a preexisting condition and a lack of in-service aggravation overcoming the presumption of soundness under 111. The second prong was never looked at by the lower court upon remand. So I'm perplexed as to why it wasn't done in spite of Jordan. Well, I think it was done because the court felt obliged and that it had to apply Jordan. What precisely can Jordan, as inconsistent with the mandate of this court, impact it? Basically, what Jordan says is that Section 1111, which contains two prongs, was interpreted by the VA as you can rebut the presumption of soundness solely by showing that the veterans' condition preexisted service. What the court in Jordan found was that that was consistent with the interpretation in 1986 or 1983 in Jordan and that you could then not come back later on and assert a claim saying that they incorrectly interpreted Section 1111 to leave out the prong, the second prong regarding… Doesn't the statute supersede any regulation anyway? This court expected the statute to be applied correctly. Yes, however, the statute's… And this court's mandate was a prior resolution to Jordan. However, the VA is obligated under another statute to follow its own regulations. And the question is whether there was clear and unmistakable error. They were required to follow their own regulation. Also, the first required to follow the statute, which of course they didn't do. Well, they followed the regulation, which was the interpretation of the statute. And really, I believe what the law… It was a blatantly ridiculous regulation because the statute was very clear in what it says. They quoted only half the statute and said this is the regulation. Nonetheless, they were nonetheless obligated, the board was obligated to follow its own regulations. But wasn't it obligated to follow a remand? Yes, I believe it was totally consistent with the remand because when a superseding case came out that dealt precisely with the issue. But this is where I'm lost. With respect to the remand, there was a requirement for a finding of the second prong. And all of a sudden, it gets back to the court and they stop looking at it from the perspective of the remand order. They said we don't have to look at that because of Jordan. Jordan relies on the regulation and the regulation might be inconsistent with the statute. So, I'm totally lost as to why there was no basis for the court below to follow our remand order. Because under, again, going back to Jordan, it was obligated and they correctly found that you could not have a Q challenge, which is exactly what's happening here is a Q challenge, to a finding of the board based on a change of regulation. And therefore, the court correctly followed Jordan, which itself discussed by… Mr. Schroeder, would you answer the part of Judge Mayer's question that had to do with which came first? That is, our remand order in Patrick came first compared to Jordan by a year. Yes. Now, under our precedent, the first in time controls if there's some kind of inconsistency. Wouldn't that suggest that the Veterans Court should have followed our remand order and ignored the subsequent case of Jordan, even if it would seem to be applicable on its face by reason of the fact that the earlier in time controls if there are two Federal Circuit panel decisions that are inconsistent with one another? Yes. Well, I think that the first in time does control regarding… The first in time is our remand in Patrick, not the issuance of Jordan. That was a year later. So if you agree the first in time controls, then why aren't you agreeing with Judge Gallarza when he suggests that the remand instruction had to be carried out and wrongly was not carried out? Because the first in time controls on precedential opinions. This was a… In this case, Patrick did not decide the issue. It remanded back to the Veterans Court to look at it in light of the law. And the law at the time the Veterans Court issued its decision included Jordan. And therefore, the court properly followed Jordan. And I believe it was required to. Why isn't it required to follow Patrick as opposed to Jordan because Patrick came first? Because had the court followed… Had the court not relied on Jordan and then an appeal come before this panel, then it would be subject to attack as being inconsistent with a precedent that is on point. Whereas Patrick did not purport to decide the issue. It decided that the issue had to be decided on remand by the Veterans Court. And then the Veterans Court didn't decide that very issue they were instructed to decide. It's a flat refusal to do what we ordered. And it's based on a case that issued later and therefore can't dominate our remand in Patrick. Well, I think that… I don't think Patrick and Alfred Wagner are consistent with Jordan because Jordan took Wagner into consideration when it was issued. And they're perfectly consistent with each other. In one case, you have a claim on direct appeal. In another case, you have an acute claim. And as such, they are… The question isn't whether Jordan and Wagner are consistent. The question is whether Patrick and Jordan are consistent. And the second question is whether Jordan is even applicable. Now, you said the two cases, Patrick and Jordan, are the same factually. I'm not so sure you're right about that. When I read Judge Rader's opinion in Jordan, it addresses the fact that in the Jordan case, the Board relied on the old, bad, since-invalidated regulation. But in the Patrick case, the Board never relied on the regulation. It never cites or mentions or analyzes the regulation. So that suggests to me that rather than being exactly the same, that the Board decisions in Jordan compared to the present case, Patrick, are quite different. And therefore that Patrick… pardon me… Jordan is inapplicable because it's a different issue. In Patrick, the Board in 1986 issued a decision which is consistent with the regulation. Doesn't mention the regulation, doesn't analyze the regulation, doesn't cite the regulation, right? No, it does not. However, what it does cite is the elements of the regulation and the statute. So that was its interpretation of the regulation. Those elements are identical in the statute. Excuse me, Your Honor. Those elements are identical in the statute. However, clearly they were relying on the regulation because the regulation, what they did here was rheumatic heart disease clearly and unmistakably pre-existed service. This presumption of soundness is rebutted. That is essentially what the regulation requires and therefore… The first half of the statute as well. In this case, however, there was a regulation in place and the Board was bound to follow this regulation and its decision is entirely consistent with the regulation, although it does not cite the regulation and it did apply the regulation's requirements. Judge Rader also says in his opinion in Jordan that he was rejecting the argument made by Jordan's lawyer that the earlier regulation, which misinterpreted the statute, should be treated as if it had never existed. And Judge Rader's opinion makes clear that the panel rejected that. It said, no, you can't pretend a regulation that did exist and was followed didn't exist. You're just not allowed to engage in that kind of fiction. That argument has to be rejected. In this case, in Patrick, we don't have any such argument. No one is saying let's pretend the regulation never existed. Therefore, the argument Judge Rader's panel rejected not being made in this case makes this case sound different, to me at least, from Jordan. In this case, Ms. Patrick objects to the reliance on the regulation that existed in 1986, claims that the regulation cannot be gated. Stay with me. Judge Rader in Jordan says he's rejecting an argument made by Jordan's lawyer. That argument is that you pretend the old bad reg never existed. No such argument was made by Patrick. And therefore, what Jordan knocked down isn't present in this case. Therefore, how can Jordan control this case? Yes, Your Honor, what I'm trying to point out is that in Ms. Patrick's brief, she does, in fact, attack the regulation. In fact, at one point, states that her argument is not that the regulation avoided ab initio, but that the requirements of the statute were controlled. But the argument that Judge Rader rehearsed and then rejected was the argument that the original reg has to be viewed as void ab initio. Therefore, you pretend it never existed. That's the argument he rejected. That argument isn't being made here. Well, I would say that the use of the words void ab initio is not used here. However, there's really no material difference between that argument and one made by Ms. Patrick here, who's essentially saying ignore the regulation, look at the statute, and rule that the Board's decision in 1986 violated the statute. And she repeatedly objects to the reliance on the regulation. I believe that's the material equivalent of saying the regulation is void. It's saying it's unlawful and illegal. All right. I think we have your position clearly. Let's hear a rebuttal from Mr. Carpenter. Thank you, Mr. Schroeder. Thank you. You have four minutes if you need it all. Thank you, Your Honor. The court please, in response to Judge Mayer's question, the government suggested that they follow the regulation. And I just don't think there's any basis in the record to support that assertion. The regulation, as has been observed, was not mentioned in the 1986 decision. They did not follow the regulation. What they did do in conclusion of law in the record at page 63 in the joint appendix, their third conclusion of law was that rheumatic heart disease was not aggravated by service. That is not the second-pronged test of the presumption of silence. It requires clear and unmistakable evidence that it was not aggravated by service. So what they ended up doing was applying an inapplicable statute, 353, and incorrectly applying 1111, formerly 311. That is the basis for Mrs. Patrick's challenge. Mrs. Patrick did not challenge, as was attempted by Mr. Jordan to challenge, the invalidity of the regulation. That makes Jordan clearly distinguishable. This case does ultimately then potentially turn on the question of the interpretation of how one must read 1403 and how far that goes since it does not describe whose interpretation is at issue. I believe that that regulation should be interpreted in the light most favorable to claimants seeking revision based upon a clear and unmistakable error where the agency can be demonstrated either through a prior DA decision or a prior board decision not correctly following the law. How about if the board in 1886 had said, as to whether there was an increase in severity during the veteran's time of active duty, we applied the clear and unmistakable evidence standard. If the 1986 Patrick decision had said that, you would have nothing to complain about, would you? That would be correct. So you must be reading the 86 board decision as applying a preponderance standard implicitly rather than the statutorily mandated clear and unmistakable evidence standard. I think that's clearly one way to read it. Another way to read it is that they were incorrect in their conclusion that clear and unmistakable evidence had been presented sufficient to rebut the presumption. They only mentioned the preexisting. They then, by implication, either suggest that there was also clear and unmistakable evidence that the condition was not aggravated. And we have the right to challenge that as to whether that was or was not correctly applied, particularly absent evidence that there was clear and unmistakable evidence. The only of these two options that we would be able to review is the one Judge Michelle suggested. We cannot review the second whether that was done properly or whether the facts were there. Is that correct? No, Your Honor. But the board could have. And that was Mrs. Patrick's complaint to the Veterans Court the first time. And once she got the remand in this case, she thought she was going to get the benefit of that when it went back on this court's remand. What do you want us to do? What specific relief are you requesting? The vacating of the board's decision and a reassertion of this court's prior remand instruction. Would you say a vacating of the board's decision? I'm sorry, the court's decision. The Veterans Court's decision. The court. In other words, you want us to send it back one more time to Judge Green. I don't see that there are any other options at this stage. Thank you, sir. Thank you, Mr. Schroeder. We'll take the case under advisement.